FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 06, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LUIS E.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI,<br>ACTING COMMISSIONER OF<br>SOCIAL SECURITY,[1]<br><br>　　　　Defendant. | No. 2:20-CV-00219-JTR<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 16, 17. Attorney Kathryn Higgs represents Luis E. (Plaintiff); Special Assistant United States Attorney Lars Nelson represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on August 24, 2017, alleging disability since November 15, 2015, due to right hand pain, tremors, depression, paranoia, and right knee impairment. Tr. 82-83. The applications were denied initially and upon reconsideration. Tr. 140-48, 151-64. Administrative Law Judge (ALJ) Glenn Meyers held a hearing on March 27, 2019, Tr. 36-79, and issued an unfavorable decision on April 24, 2019. Tr. 15-29. Plaintiff requested review of the ALJ's decision by the Appeals Council and the Appeals Council denied the request for review on April 29, 2020. Tr. 1-5. The ALJ's April 2019 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on June 15, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1981 and was 34 years old as of his alleged onset date. Tr. 27. He has a high school education and some additional culinary training and has worked primarily in agriculture, doing seasonal fruit harvesting and packaging. Tr. 72, 434, 476. He has dealt with tremors in his hands for many years, which worsen when he is stressed or anxious. Tr. 345, 516. At his hearing he alleged an inability to work due to the combination of his tremors, mental health, fatigue and low energy, vision impairment, and side effects of medications. Tr. 57-58, 60.

## STANDARD OF REVIEW

The ALJ is responsible for determining the reliability of a claimant's allegations, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial

evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an

adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On April 24, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-29.

At step one, the ALJ found Plaintiff had engaged in substantial gainful activity during the summers of 2016 and 2017, but that there was a continuous 12-month period(s) during which Plaintiff did not engage in substantial gainful activity. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: diabetes, right upper extremity impairment(s), depressive disorder(s), and anxiety disorder(s). Tr. 18.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 19-20.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform a range of light work, with the following limitations:

> He cannot crawl, kneel, or climb. He can occasionally stoop and crouch. He can frequently reach. With his right (dominant) hand, he can frequently handle and finger. He cannot work at any heights, balance, or work in proximity to hazards. He can perform unskilled, repetitive, and routine tasks in two-hour increments. He cannot work with the public. He can work in proximity to coworkers, but not in coordination with them. He can have occasional contact with supervisors. He will be off-task up to nine percent of his work shifts. He will be absent up to one time per month.

Tr. 20-21.

At step four, the ALJ found Plaintiff was unable to perform his past relevant work as a retail store manager, agricultural sorter, or agricultural packer. Tr. 27.

At step five the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, Plaintiff could perform jobs that existed in significant numbers in the national economy, specifically identifying the representative occupations of surveillance system monitor, housekeeping cleaner, mail room clerk, and photocopy machine operator. Tr. 27-28.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 28-29.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) not finding Plaintiff's symptom testimony to be credible; (2) improperly rejecting the opinions of treating and examining doctors; and (3) improperly determining Plaintiff's residual functional capacity.

## DISCUSSION

**1.    Plaintiff's subjective statements**

Plaintiff contends the ALJ erred by improperly rejecting his subjective complaints. ECF No. 16 at 5-10.

It is the province of the ALJ to make determinations regarding a claimant's allegations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony

must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 21. The ALJ found Plaintiff's allegations were undermined by the long-standing nature of the impairments with no apparent worsening of his condition since he was previously able to work, and the largely normal findings on exam of his hand. Tr. 22-24. The ALJ further noted Plaintiff's reluctance to take medication for his tremor or his anxiety, improvement or control of his conditions with treatment, largely normal mental status findings, minimal mental health treatment, and Plaintiff's activities as evidence undermining the alleged severity of his condition. Tr. 22-25.

Plaintiff argues there are indications that his conditions have caused life-long limitations and that they have worsened over the years, arguing the ALJ gave undue weight to isolated chart notes indicating lack of impairment from tremors. ECF No. 16 at 7-9. He further argues that his minimal mental health treatment is a function of his mental health impairment, and that the ALJ failed to take into consideration the waxing and waning nature of mental impairments. *Id.* at 9-10. Finally, Plaintiff argues the ALJ made no findings to explain how any of the identified activities were inconsistent with Plaintiff's reported limitations. *Id.* at 10. Defendant argues the ALJ reasonably considered and interpreted the record and legitimately found Plaintiff's allegations to be unsupported by his past work, his

1 activities, his improvement with limited treatment, and the objective evidence.
2 ECF No. 17 at 4-9.
3    The Court finds the ALJ did not offer clear and convincing reasons for
4 discounting Plaintiff's subjective testimony.
5    *Past work*
6    An ALJ may rely on evidence that the claimant's condition "ha[s] remained
7 constant for a number of years" and "ha[s] not prevented [the claimant] from
8 working over that time." *Gregory v. Bowen*, 844 F.2d 664, 666-67 (9th Cir. 1988).
9 Throughout the decision, the ALJ focused on the long-standing nature of Plaintiff's
10 tremor and anxiety, noting that they did not prevent Plaintiff from working in the
11 past and that there had been no significant worsening of the conditions during the
12 relevant period. Tr. 22-24. However, the record contains little evidence prior to
13 January 2017 to compare Plaintiff's prior functional abilities with those in the
14 relevant period. The record further reflects Plaintiff's perception that his tremor
15 was worsening and his reports that he was becoming less capable of managing his
16 anxiety and other mental health symptoms over the years. Tr. 516, 536, 585. Most
17 importantly, the ALJ found Plaintiff was not capable of performing his past
18 relevant work, which indicates there was some worsening of his conditions
19 impacting his functional abilities. Tr. 27. The Court therefore finds this was not a
20 clear and convincing reason for discounting Plaintiff's allegations.
21    *Improvement with treatment*
22    The ALJ noted Plaintiff's conditions improved with successful treatment of
23 his diabetes, and found his reports of fatigue were contrary to exams showing alert
24 and active behavior with healthy appearance. Tr. 22. The ALJ is correct that the
25 acute impact of diabetes did improve with specific treatment for that condition. Tr.
26 561, 585-86, 591. However, it is not clear that Plaintiff's reports of fatigue were
27 limited to the impact of diabetes. Despite the record reflecting "excellent control"
28 of diabetes (Tr. 561), Plaintiff continued to report fatigue, possibly relating to

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 7

medication side effects or his mental health status. Tr. 485, 488, 497, 536-37, 572. The Court is not convinced that the normal physical exam findings cited by the ALJ are contrary to Plaintiff's reports of ongoing fatigue.[2]

### *Course of treatment*

The ALJ found Plaintiff's allegations were inconsistent with his minimal mental health care and demonstrated stability with minimal medication when he was receiving care, along with incidents of declining medication. Tr. 23-24. Unexplained or inadequately explained reasons for failing to seek medical treatment or follow a prescribed course of treatment can cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). However, an ALJ must consider possible reasons a claimant has not sought more treatment, including access, their ability to structure their activities to minimize symptoms to a tolerable level, their understanding of the need for or importance of treatment, or unbearable side effects from treatments. Social Security Ruling 16-3p. The record indicates Plaintiff's primary coping mechanism in dealing with his anxiety was avoidance, including avoidance of therapy, and consultative examiner Thomas Genthe indicated Plaintiff's level of understanding about factors contributing to his illness and the need for treatment was fair to poor. Tr. 480, 647, 658. Even Plaintiff's testimony at the hearing seemed to indicate a lack of understanding of the role his mental health impairments played in his functioning. Tr. 49-50. The record also reflects Plaintiff's reports of side effects from medications and lack of efficacy at times, leading him to stopping specific treatments. Tr. 345, 595, 640, 652. The ALJ failed to discuss these factors in finding Plaintiff's course of treatment undermined his allegations.

---

[2] Furthermore, as discussed below, a lack of support from the objective evidence alone is not a sufficient basis upon which to discount subjective symptom reports.

*Activities*

A claimant's daily activities may support an adverse credibility finding if the claimant's activities contradict their other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). However, "the mere fact that a plaintiff has carried on certain daily activities ... does not in any way detract from [their] credibility as to [their] overall disability." *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004). The ALJ found Plaintiff's ability to exercise, travel, spend time with friends, use public transportation, and look after his sister's children was inconsistent with his allegations of debilitating fatigue and social anxiety. Tr. 24-25. The Court finds the ALJ failed to identify any specific inconsistency between the identified activities and Plaintiff's allegations. His testimony indicated that he did not engage in social activities or travel very frequently, and the record reflects increased anxiety with a number of these activities, even when limited to a small circle of friends and family. Tr. 44-45, 65-67, 393, 485, 491, 500. His outings with friends were limited to one particularly close friend and sometimes a few others, though he testified his anxiety and tremor were worse when he was around people he did not know or in situations where he was tense, consistent with the record. Tr. 50, 57, 393, 497, 500, 644. There is minimal evidence regarding his exercise regimen or the time he spent watching his sister's children, and the ALJ failed to indicate how these activities were inconsistent with Plaintiff's testimony. Tr. 63-64, 384, 476, 485, 649. The Court therefore finds this was not a clear and convincing reason to discount Plaintiff's allegations.

*Objective medical findings*

The only other rationale offered by the ALJ for discounting Plaintiff's allegations was that they were not supported by the objective medical findings. An ALJ may cite inconsistencies between a claimant's testimony and the objective medical evidence in discounting the claimant's symptom statements. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). But this cannot

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 9

be the only reason provided by the ALJ. *See Lester*, 81 F.3d at 834 (the ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence); *see Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (Although it cannot serve as the sole ground for rejecting a claimant's credibility, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects."). Because none of the ALJ's other reasons reach the clear and convincing standard, the objective medical findings alone may not be the ALJ's only rationale.

On remand, the ALJ shall reassess Plaintiff's subjective reports.

**2.    Medical opinions**

Plaintiff contends the ALJ erred by improperly assessing the medical opinion evidence. ECF No. 16 at 10-13.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 404.1520c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the

persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520a(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c).

### *a. State agency doctors and treating PA-C Moreno*

Plaintiff's treating PA-C, Mr. Simon Mendoza Moreno, completed a medical source statement in June 2018, commenting that Plaintiff could perform light exertion work and that his essential tremor did not impose any limitations on his ability to carry, handle, or reach. Tr. 595. In contrast, the state agency reviewing sources at the initial and reconsideration stages of adjudication opined Plaintiff was limited to light work, but could only occasionally use his hands due to tremors and his right thumb impairment. Tr. 89-90, 116.

Regarding manipulative limitations, the ALJ found the overall evidence was inconsistent with the degree of limitations opined by the state agency doctors. Tr. 25. The ALJ noted the long-term nature of Plaintiff's impairments, his ability to work with his tremor in the past, Plaintiff's testimony that his tremors had been

primarily in his right hand and not bilaterally, and the lack of objective findings. *Id.* He therefore found Mr. Moreno's opinion to be more persuasive. *Id.*

Plaintiff argues the state agency doctors reviewed the records and assessed limitations specific to Plaintiff's ability, and that due to their in-depth review and their similar opinions, they should have been considered more persuasive than Mr. Moreno's opinion. ECF No. 16 at 11. Defendant argues Plaintiff is simply asking the Court to reweigh the evidence and offered no specific objection to the ALJ's rationale, which was supported by the evidence. ECF No. 17 at 11-13.

The Court finds the ALJ did not err. He specifically addressed the consistency of the opinions with the record as a whole, and reasonably concluded that Mr. Moreno's opinion was more consistent with the evidence. "If the evidence can reasonably support either affirming or reversing a decision, we may not substitute our judgment for that of the Commissioner." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

### b. Dr. Genthe

In June 2018 Plaintiff attended a consultative exam with Dr. Thomas Genthe for the state Department of Social and Health Services. Tr. 475-80. Dr. Genthe diagnosed Plaintiff with social anxiety disorder and unspecified neurocognitive disorder (possibly related to thyroid problems and pending further assessment). Tr. 477. He found Plaintiff was moderately limited in a number of work-related areas and had marked limitations in understanding, remembering, and persisting in tasks by following detailed instructions; adapting to changes in a routine work setting; asking simple questions or requesting assistance; communicating and performing effectively in a work setting, maintaining appropriate behavior in a work setting; completing a normal work day and work week without interruptions from psychologically based symptoms; and setting realistic goals and planning independently. Tr. 477-78. He opined Plaintiff was overall markedly impaired and

was unlikely to function adequately in a work setting until his psychological symptoms had been managed more effectively. Tr. 478.

The ALJ found this opinion unpersuasive, noting the mostly unremarkable mental status exam, reasoning that Dr. Genthe did not offer any basis for the opinions or list the symptoms affecting Plaintiff's ability to work, and finding the assessed limits incompatible with Plaintiff's work during the relevant period and his considerable range of travel. Tr. 26.

Plaintiff argues the ALJ erred, noting all work activity during the relevant period was time limited and occurred prior to Dr. Genthe's exam. ECF No. 16 at 11-12. Plaintiff further argues Dr. Genthe's opinion is supported by other opinions in the record and therefore should have been given greater consideration. *Id.* at 12. Defendant argues the ALJ identified evidence that undermined or failed to support Dr. Genthe's opinion and that the ALJ appropriately explained his rationale for finding the other opinion evidence to be more persuasive (and noting Plaintiff had not challenged the ALJ's analysis of any other psychological opinions in the file). ECF No 17 at 14-18.

The Court finds the ALJ did not err. The supportability and consistency of a medical opinion are the two primary factors the ALJ must consider in determining how persuasive a medical opinion is. The ALJ reasonably considered the amount of evidence and explanation included in Dr. Genthe's opinion in finding it to be unsupported. The doctor failed to complete the section of the form asking about the claimant's mental health symptoms that affected his ability to work (Tr. 477) and did not explain how the minimal abnormal findings on the mental status exam supported the assessed limitations. Tr. 479-80. The ALJ's discussion of the other contradictory mental opinions is also supported by substantial evidence. Tr. 26-27.

### c. Dr. Burkhart

In 2018, Plaintiff was referred for a neuropsychological assessment with Dr. William Burkhart. Tr. 535-38. Dr. Burkhart found Plaintiff had severe generalized

anxiety disorder and major depressive symptoms, noting the neurocognitive testing was skewed by Plaintiff's severe anxiety, with his test performance made worse by self-consciousness and embarrassment and panic feelings. Tr. 537-38. He noted the test results, but did not assess any specific workplace functional limitations. Tr. 538.

Plaintiff argues the ALJ erred in failing to discuss this opinion and its persuasiveness, noting it was consistent with Dr. Genthe's opinion and the state agency doctors. ECF No. 16 at 13. Defendant argues the ALJ was not specifically required to address this evidence as it does not contain any functional limitations and thus does not qualify as a medical opinion under the new regulations. ECF No. 17 at 13-14.

The Court finds the ALJ did not err. The revised regulations define a medical opinion as a statement from a medical source about what a claimant can do despite their impairments and whether they have one or more impairment-related limitations or restrictions in their ability to perform work-related activities. 20 C.F.R. § 404.1513(a)(2). Dr. Burkhart did not assess any specific work-related functional limitations. Therefore, the ALJ was not required to address the report as a medical opinion.

3. **Formulation of the RFC**

Plaintiff argues the ALJ failed to account for the full extent of Plaintiff's limitations in formulating the RFC. ECF No. 16 at 14. Plaintiff's arguments are largely based on the above-discussed errors. *Id.* at 13-18. Because this claim is being remanded for further consideration of Plaintiff's subjective statements, the ALJ will reconsider all the evidence in reformulating the RFC.

The Court further finds the ALJ failed to adequately explain the basis for finding Plaintiff would be off-task up to nine percent of his work shifts and would be absent up to one time per month. Tr. 21. In completing the five-step sequential process, the ALJ must identify a claimant's functional limitations and assess his

work-related abilities on a function-by-function basis, and include a narrative discussion describing how the evidence supports the determination. 20 C.F.R. § 404.1545; Social Security Ruling 96-8p. It is not clear what the ALJ relied upon to determine that Plaintiff would be absent or off-task to this specific degree. Accordingly, the Court finds the ALJ's RFC determination is not supported by substantial evidence. On remand, the ALJ shall reformulate the RFC and include a discussion of how the evidence supports the RFC.

## CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed, and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's decision is not supported by substantial evidence. On remand, the ALJ shall reevaluate Plaintiff's subjective complaints, making findings on each of the five steps of the sequential evaluation process, obtain supplemental testimony from a vocational expert as needed, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.   An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED August 6, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE